**2021CA000520 - MENZER, CAROL vs. GEOVERA SPECIALTY INSURANCE COMPANY**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| SHARRIT, MICHAEL S. | Circuit Civil | Contract Indebtedness |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2021CA000520 | 102021CA000520CAAXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 6/24/2021 | 6/24/2021 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | **Foreclosure:** |
| | | ACTIVE - 6/24/2021 |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| DEFENDANT | GEOVERA SPECIALTY INSURANCE COMPANY | 0 |
| | | 0 |
| PLAINTIFF | MENZER, CAROL | 1 GOSS, ZAF ESQ (Main Attorney) |
| | | 1 GOSS, ZAF ESQ (Main Attorney) |
| PLAINTIFF | MENZER, ERNST | 0 WILSON, JAMES |
| | | 0 WILSON, JAMES |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| 📄 1 | 7/29/2021 | NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFFS |
| 📄 1 | 7/29/2021 | NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFFS |
| 📄 1 | 6/24/2021 | PAYMENT $410.00 RECEIPT #95150 |
| Requested | 6/24/2021 | NOTICE OF TAKING DEPOSITION |
| Requested | 6/24/2021 | NOTICE OF SERVICE OF FIRST INTERROGATORIES TO DEFENDANT |
| 👁 1 | 6/24/2021 | SUMMONS ISSUED AS TO GEOVERA SPECIALTY INSURANCE COMPANY |
| Requested | 6/24/2021 | REQUEST FOR PRODUCTION |
| Requested | 6/24/2021 | REQUEST FOR ADMISSIONS |
| 📄 4 | 6/24/2021 | COMPLAINT |
| 📄 3 | 6/24/2021 | CIVIL COVER SHEET |
| | 6/24/2021 | CASE FILED 06/24/2021 CASE NUMBER 2021CA000520 |

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>CLAY</u>   COUNTY, FLORIDA

<u>CAROL MENZER, ERNST MENZER</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>GEOVERA SPECIALTY INSURANCE COMPANY</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Kevin Weisser</u>                    Fla. Bar # <u>98828</u>
         Attorney or party                         (Bar # if attorney)

<u>Kevin Weisser</u>                    <u>06/24/2021</u>
 (type or print name)                    Date

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR CLAY COUNTY, FLORIDA

CAROL MENZER AND ERNST MENZER,

      Plaintiffs,

v.                                    CASE NO.:

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## COMPLAINT

**COME NOW** the Plaintiffs, CAROL MENZER AND ERNST MENZER, by and through the undersigned counsel and hereby files this Complaint against the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, and as grounds therefore states as follows:

1.      That this is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs, and attorney's fees.

2.      That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Clay County, Florida.

3.      That at all times material hereto the Plaintiffs were and are residents of Clay County, Florida, and is otherwise sui juris.

4.      That at all times material hereto, Plaintiffs and Defendant had a policy of insurance, Policy No. GH60040809 on Plaintiffs' residence located at 1210 Karen Dr., Middleburg, FL 32068, which afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and for loss of use. (A true and correct copy of the policy is not in Plaintiff's possession, custody, and/or control, but is incorporated by reference hereto).

5.      On or about 2/6/2020, the above described property was damaged. Defendant was given timely notice of the loss. Accordingly, Defendant assigned Claim Number 2124234756.

6.     As a result of this incident, the Plaintiffs have suffered damage to the building on the subject property, damage to contents, and loss of use of the property and possessions therein.

7.     The Plaintiffs have furnished the Defendant with timely notice of the loss, proof of claim and has otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes, but the Defendant has refused and continues to refuse to pay either part or all of the Plaintiff's claims.

## COUNT I – BREACH OF CONTRACT

Plaintiffs readopt and reallege Paragraphs 1 through 7 above as if fully stated herein, and further alleges as follows:

8.     That the Defendant's denial of coverage and refusal to pay the full amount of the claim was contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

9.     The Plaintiffs have been damaged by the Defendant's breach of said contract of insurance by having not been compensated for the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein.

10.     That as a direct and proximate result of the Defendant's refusal to pay the Plaintiffs' claim, the Plaintiffs have been required to retain the services of the undersigned attorneys to represent and protect the Plaintiffs' interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

11.     In the event that the Plaintiffs prevails in this action, Plaintiffs are entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373, and/or other Florida law.

WHEREFORE, the Plaintiffs, CAROL MENZER AND ERNST MENZER, demands judgment against the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, for damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney fees and costs pursuant to Florida Statute Section 627.428 or other Florida law, and the Plaintiffs demands trial by jury of all issues triable as a matter of right by jury.

## COUNT II – PETITION FOR DECLARATORY RELIEF

Plaintiffs reallege and readopts Paragraphs 1 through 7 as if fully set forth herein and sues the Defendant for declaratory relief pursuant to Chapter 86 of the Florida Statutes and further states as follows:

12.    The above insurance policy between Plaintiffs and Defendant provides comprehensive coverage for damages as a result of losses to property.

13.    Pursuant to Chapter 86 of Florida Statutes, the Plaintiffs request this Court to take jurisdiction over this action and determine the Plaintiffs' rights under said policy.

14.    The Plaintiffs furnished timely notice of a covered loss and otherwise performed all conditions precedent to recover under the policy and under the applicable Florida Statutes.

15.    Defendant refused and continues to refuse to pay the full amount of Plaintiff's claim.

16.    The Plaintiffs believe, but is in doubt, that the Plaintiffs are entitled to full coverage under said policy, including but not limited to, coverage for damage to the building on the subject property, its contents, and its loss of use.

17.    That as a direct and proximate result of the Defendant's refusal to pay the Plaintiffs' claims, the Plaintiffs have been required to retain the services of the undersigned attorneys to represent and protect the Plaintiffs' interest and Plaintiffs have become obligated to pay them a reasonable fee for their services in bringing this action.

18.    In the event that the Plaintiffs prevail in this action, Plaintiffs are entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373, and/or any other Florida law.

WHEREFORE, Plaintiffs hereby demands judgment against Defendant and the following:

a.    that the Court take jurisdiction over the parties and the subject matter of this action;

b.    that the Court determine the rights and duties of the parties under said insurance policy;

c.    that this Court enter an Order determining that the subject policy was in full force and effect at the time of the loss;

d.      that the Court enter an Order determining that the damages suffered by Plaintiffs are not excluded under the policy insurance.

e.      that the Court enter an Order determining that the Plaintiffs complied with all requirements under the policy and is entitled to full coverage for all damages under said policy, including but not limited to coverage for the full amount of loss including damage to the building on the subject property, contents, and loss of use;

f.      that the Court award the Plaintiffs attorney fees pursuant to Florida Statute Section 627.428, 626.9373, and/or any or other Florida law, prejudgment interest, and costs; and

g.      that the Court enter any other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs further demands a trial by jury of all issues so triable as a matter of right.

Dated this June 24, 2021.

By:      /s/ Kevin Weisser
   KEVIN WEISSER
   Florida Bar No: 98828
   WEISSER ELAZAR & KANTOR, PLLC
   Attorneys for Plaintiff
   800 East Broward Boulevard, Suite 510
   Fort Lauderdale, FL 33301
   T: (954) 486-2623
   F: (954) 572-8695
   Email: KW@WEKLaw.com
      JK@WEKLaw.com
      DG@WEKLaw.com

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,**
**IN AND FOR CLAY COUNTY, FLORIDA**

CAROL MENZER AND ERNST MENZER,

      Plaintiffs,

v.                           CASE NO.:

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## PLAINTIFFS' REQUEST FOR ADMISSIONS

The Plaintiffs, CAROL MENZER AND ERNST MENZER, by and through the undersigned counsel, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, to admit or deny the following:

1. Admit that the insurance policy which forms the subject matter of this lawsuit was issued by the Insurance Company.

2. Admit that the Insurance Company was providing insurance coverage to the property located at 1210 Karen Dr., Middleburg, FL 32068, at the time of the peril described in the Insured's Complaint.

3. Admit that the cause of the damage at issue is covered under the insurance policy.

4. Admit that the Insured made a claim against the Insurance Company for insurance coverage to the Insureds' property.

5. Admit that the Insurance Company was provided an estimate prepared on behalf of the Insureds.

6.  Admit that the Insurance Company has failed and/or has refused to pay the Insureds' claim as described in the Complaint.

7.  Admit that the only reason for the Insurance Company's denial of payment on the subject claim is a result of its determination that the damage to the Insureds' property is not the result of a covered peril under the subject Policy of insurance.

8.  Admit that the Insurance Company did not make a payment of insurance benefits to or for the benefit of the Insured for the alleged loss described in the Complaint.

9.  Admit that the Insurance Company acknowledges that the Insureds' estimate pertaining to repairs is accurate and correct.

10. Admit that the Insured submitted to the Insurance Company a written estimate of repairs for the damages to have occurred by reason of the loss described in the Complaint.

11. Admit that the damage, as detailed in the Insureds' estimate, is covered under the applicable insurance policy.

12. Admit that the Insurance Company's litigation of the instant action is for the purpose of delaying and/ or avoiding payment to the Insureds.

13. Admit that the Insureds have complied with all post-loss conditions precedent to the filing of this lawsuit.

14. Admit that the Insurance Company assumes liability to the Insureds for the damage sustained to their property.

15. Admit that the Insurance Company is required to pay the Insureds' attorney's fees and costs pursuant to Florida Statute Section 627.428.

16. Admit that the Insured has provided documents to the Insurance Company to aid their investigation.

17. Admit that the Insureds have allowed the Insurance Company to inspect the property at issue and to examine the damage.

18. Admit that the Insureds have made themselves available to the Insurance Company to aid their investigation, including allowing his property to be inspected or submitting to an examination under oath.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

By:   /s/ Kevin Weisser
KEVIN WEISSER
Florida Bar No: 98828
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiff
800 East Broward Boulevard, Suite 510
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: KW@WEKLaw.com
JK@WEKLaw.com
DG@WEKLaw.com

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA**

CAROL MENZER AND ERNST MENZER,

    Plaintiffs,

v.                                    CASE NO.:

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT**

The Plaintiffs, CAROL MENZER AND ERNST MENZER, pursuant to Rule 1.350, Florida Rules of Civil Procedure, propound this Request for Production to Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, to produce the items and materials hereinafter set forth on or before the applicable time prescribed by said rule for inspection and/or copying at the office of the undersigned attorney, the following items and/or documents:

    1.    A true and correct certified copy of the insurance policy issued described in the complaint, including all declaration sheet(s), addendums and attachments.

    2.    All photographs taken by Defendant's adjuster during the initial inspection of the claimed loss.

    3.    Copies of all photographs taken during Defendant's investigation conducted during the normal business of evaluating the claim.

    4.    All estimates of damage prepared by or on behalf of Defendant after its initial inspection of the claimed loss.

    5.    Copies of all damage estimates prepared during Defendant's investigation conducted during the normal business of evaluating the claim.

    6.    All letters, faxes, email communications, and log notes from Defendant's adjusters or agents which in any manner references any and all damages or causes of loss observed that were

prepared or generated during Defendant's investigation conducted during the normal business of evaluating the claim.

7.     Defendant's entire claim file from the date of the initial notice of the loss until the day before Defendant knew that Defendant was going to deny any further payment or litigate the claim.

8.     Defendant's entire claim file for the entire time that the claim was being handled by Defendant not in anticipation of litigation of the loss.

9.     Any and all correspondence or written communications from Defendant, or its agents to Plaintiffs, or their agents, which in any manner pertain to Plaintiffs' alleged loss as described in the Compliant.

10.     Any and all correspondence or written communications from Plaintiffs, or his agents to Defendant, or its agents, which in any manner pertain to Plaintiffs' alleged loss as described in the Complaint.

11.     Any and all photographs taken by the Defendant or Defendant's agents showing the extent of damage to the insured premises involved herein as were taken prior to the filing of this lawsuit.

12.     Any and all tape recordings of any statements made by Plaintiffs or Plaintiffs' agents or employees.

13.     Any and all transcripts or written statements from the Plaintiff(s) including, without limitation, transcripts of EUO.

14.     Copies of each and every bill or estimate for repair to the subject property submitted to Defendant by Plaintiffs or Plaintiffs' agents or employees.

15.     Any and all written estimates or reports reflecting examination or inspection by Defendant or Defendant's agents of any of the alleged damage to the insured premises.

16.     All documents relating to or supporting Defendant's denial of any allegation of Plaintiffs' Complaint.

17.     All documents relating to or supporting each of Defendant's affirmative or general defenses asserted by Defendant.

18.     All underwriting files pertaining to the policy of insurance described in the Complaint/Petition.

19.     Any and all documents related to any and all other insurance claims made by Plaintiff(s) which are not the subject of this action, including estimates, reports, pictures, cancelled checks, releases, proofs of loss, recorded statements, transcripts of EUO, and correspondence by and between the parties related to any and all said other claims.

20.     Any and all brochures, summary statements, pamphlets and advertising materials prepared by or on behalf of Defendant and disseminated to insurance agencies or policyholders which in any manner describe the coverages and/or exclusions under the same type of policy involved in this action.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

> By:     /s/ Kevin Weisser
> KEVIN WEISSER
> Florida Bar No: 98828
> WEISSER ELAZAR & KANTOR, PLLC
> Attorneys for Plaintiff
> 800 East Broward Boulevard, Suite 510
> Fort Lauderdale, FL 33301
> T: (954) 486-2623
> F: (954) 572-8695
> Email: KW@WEKLaw.com
> JK@WEKLaw.com
> DG@WEKLaw.com

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR CLAY COUNTY FLORIDA

CAROL MENZER AND ERNST MENZER,

      Plaintiffs,

vs.                                     CASE NO:

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

SUMMONS

***THE STATE OF FLORIDA***
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on INSURANCE COMMISSIONER pursuant to F.S. 48.151.

***By Serving:***

               GEOVERA SPECIALTY INSURANCE COMPANY
                     Insurance Commissioner
                      State of Florida
                     PROCESS SECTION
                    200 East Gaines Street
                   Tallahassee, Florida 32399

Each defendant is required to serve written defenses to the Complaint of Petition on Kevin Weisser, Counsel for the Plaintiffs, Weisser Elazar & Kantor, PLLC, 800 E Broward Blvd., Ste 510, Fort Lauderdale, FL 33301 within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT

BY: _Rebecca Cruus_ 06/24/2021 , Deputy Clerk      DATE: _____, 2021.

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,**
**IN AND FOR CLAY COUNTY, FLORIDA**

CAROL MENZER AND ERNST MENZER,

     Plaintiffs,

v.                            CASE NO.:

GEOVERA SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

**PLAINTIFFS' NOTICE OF SERVICE OF**

**FIRST INTERROGATORIES TO DEFENDANT**

    Pursuant to Rule 1.340, Florida Rules of Civil Procedure, the Plaintiffs, CAROL MENZER

AND ERNST MENZER, by and through their undersigned counsel, propound the following First

Interrogatories on the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, to be

answered in writing, under oath, within the time allowed in accordance with the Florida Rules of

Civil Procedure.

**CERTIFICATE OF SERVICE**

    **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon
the Defendant in this action along with the Complaint.

                       By:    /s/ Kevin Weisser
                            KEVIN WEISSER
                            Florida Bar No: 98828
                            WEISSER ELAZAR & KANTOR, PLLC
                            Attorneys for Plaintiff
                            800 East Broward Boulevard, Suite 510
                            Fort Lauderdale, FL 33301
                            T: (954) 486-2623
                            F: (954) 572-8695
                            Email: KW@WEKLaw.com
                                    JK@WEKLaw.com
                                    DG@WEKLaw.com

## FIRST INTERROGATORIES TO DEFENDANT

1.   Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.   Please state the date that the Insurance Company first received notice from the Insureds for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

3.   In reference to the Insurance Company's denial of the Insureds' claim for benefits under the Policy, please state:
     a.   The date the decision to deny the claim was made.
     b.   Identify each person who participated in the decision to deny the Insureds' claim.
     c.   Describe each and every fact upon which you relied upon in forming the basis for your denial of the Insureds' claim.
     d.   Identify each document sent by the Insurance Company to the Insureds detailing the reasons why the Insurance Company denied the Insureds' claim.
     e.   State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to deny coverage of the Insureds' claim.

4.   Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insureds' Property in the reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

5.     Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insureds in reference to the Insureds' claim for benefits under the Policy.

6.     Identify all persons (other than the Insurance Company) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

7.     Identify all persons who, on the Insurance Company's behalf, have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto.  Please specify the nature of the participation for each and every such person and give the time period during which they participated.

8.     For each decision that was made that the claim of the Insureds was allegedly not covered under the Policy, please state the date you first decided that the Insureds' claim was allegedly not covered, the date you arrived at the conclusion the Insureds' claim was not covered and the names and address and phone number and the dates of involvement of each and every person that knows any information concerning these matters.

9.     Please describe all requests made by the Insurance Company upon the Insureds (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.) in reference to this claim and the dates made.

10.    With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each fact.

11.    Please verify the date the Policy became effective.

12.    Please state the amount of money paid by the Insureds towards the premium of the Policy in place at the time of the Loss.

13.    Please state whether or not you performed any inspections of the insured premises prior to the Loss.  If so, provide the date the inspection was performed, the purpose of the inspection, by whom and their contact information.

14.    Please provide the name and contact information for the agent that sold the Policy to the Insured.

15.    If you contend that the Insured did not comply with the terms and conditions set forth in the Policy please describe:
        a.    The term and/or condition of the Policy not complied with;
        b.    How the Insured failed to comply with the term and/or condition;
        c.    When a request was made by you demanding compliance with the term and/or condition of the Policy;
        d.    Why compliance with the terms and/or condition was necessary for you to adjust the Loss and determine coverage.

16.     Please verify the name, phone number, address and title of the corporate representative(s) with the most knowledge regarding the allegations set forth in the complaint.

17.     Please identify all claims made by the Insureds for the Insureds' premises.

By:_____

Name: _____

Title: _____

STATE OF FLORIDA                    )
                                    ) ss
COUNTY OF _____)

        SWORN TO and SUBSCRIBED before me by _____, who is personally known to me or has produced (_____) as identification and who did/did not take an oath and verified that the foregoing Answers to Interrogatories are true and correct.

        DATED this _____ day of _____, 2021.

                                    NOTARY PUBLIC, State of Florida


                                    _____
                                    Signature of Notary Public


                                    _____
                                    Typed or Printed Name of Notary Public
                                    My commission expires:

Filing # 129440307 E-Filed 06/24/2021 02:09:27 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR CLAY COUNTY, FLORIDA**

CAROL MENZER AND ERNST MENZER,

     Plaintiffs,

v.                                   CASE NO.:

GEOVERA SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

**PLAINTIFF'S NOTICE OF TAKING
DEPOSITION DUCES TECUM OF DEFENDANT'S DESIGNATED
CORPORATE REPRESENTATIVE(S) PURSUANT TO RULE 1.310(b)(6)**

     PLEASE TAKE NOTICE that Plaintiffs through the undersigned counsel will take the deposition, by oral examination of the following person(s) per Rule 1.310(b)(6) as indicated below or at such other location, time, and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| Name | Date | Time | Place |
|------|------|------|-------|
| Any and all witnesses designated as corporate representative(s) for Defendant per Rule 1.310(b)(6) regarding the topics and subjects listed on Schedule "A" and documents listed on Schedule "B", and regarding the subject insurance claim bearing claim number 2124234756. | 11/15/2021 | 10:00am | Weisser, Elazar & Kantor, PLLC<br>800 E Broward Blvd, Suite 510<br>Fort Lauderdale, FL 33301<br>T: (954) 486-2623 |

     The deponent(s) is/are directed to produce for inspection or copying at the time of deposition the documents called for in the attached Schedule "B" [and as to any documents over which a claim of privilege is asserted, a privilege log per Rule 1.280(b)(5)].

     The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure. The deposition will continue from day to day until completed.

     In an effort to expedite the deposition(s), Plaintiff's counsel requests that the requested documents responsive to Schedule "B" be produced at least ten (10) days before the date of the deposition(s), to allow the parties to conduct the deposition quickly and efficiently. This will

eliminate the need for Plaintiff's counsel having to review the documents for the first time at the deposition(s) with the deponent(s). Plaintiff will reimburse deponent(s) for all reasonable costs associated with producing the requested documents prior to the depositions.

Further, to the extent any privilege or confidentiality is claimed to apply to the requested documents, the deponent(s) are directed to bring such responsive documents to the deposition(s) so that they can fully answer all of counsel's questioning. However, a privilege log as contemplated under Florida Rule of Civil Procedure 1.280(b)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Any such privileged documents are nonetheless requested to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions. Such review will not be deemed a waiver of any claimed privilege.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

By:   /s/ Kevin Weisser
KEVIN WEISSER
Florida Bar No: 98828
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiff
800 East Broward Boulevard, Suite 510
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: KW@WEKLaw.com
      JK@WEKLaw.com
      DG@WEKLaw.com

### SCHEDULE "A"

1.  The Corporate Representative who can identify by full name and company title all those persons who participated in making the decisions by or on behalf of Defendant determining the value of Plaintiff's claim, to pay Plaintiff's claim, or to withhold any payments(s) of insurance proceeds to the Plaintiff for his/her claim under the insurance policy.

2.  The Corporate Representative with knowledge of Defendant's investigation, adjustment, and valuation of Plaintiff's claim.

3.  The Corporate Representative knowledgeable about the factual basis and all policy language upon which Defendant's Answer is based, including all denials and affirmative defenses raised by Defendant in this cause.

4.  The Corporate Representative who can identify and explain how the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the policy of insurance or why Plaintiff's claim or damages are not otherwise covered under the policy of insurance.

5.  The Corporate Representative with knowledge who can describe comprehensively and in detail Defendant's investigation, adjustment and handling of the Plaintiff's claim from the date it was initially reported to Defendant until the date of this lawsuit.

6.  The Corporate Representative who can describe, comprehensively and in detail, any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay Plaintiff's claim which is the subject of this suit and the basis for those decisions.

7.  The Corporate Representative who can testify regarding the date Defendant reasonably anticipated litigation with Plaintiff for the subject claim and all circumstances which gave rise to the Defendant's reasonable expectation or belief that litigation would ensue, result or arise regarding Plaintiff's claim at issue in this lawsuit.

8.  The Corporate Representative who can identify and explain Defendant's responses to Plaintiff's discovery requests and all facts and policy language which support Defendant's responses to Plaintiff's discovery requests.

9.  The Corporate Representative who can testify regarding the cause of loss that Defendant attributed to Plaintiff's claim and all reasons for Defendant's assignment of that cause of loss.

10. The Corporate Representative who can describe and state in detail and with specificity all damages to Plaintiff's insured property, caused, directly or indirectly, by the subject incident.

## SCHEDULE "B"

1.  All documents you reviewed in preparation for this deposition.

2.  All documents you will rely on in responding to the topics in Schedule "A" during this deposition.

3.  For any documents withheld from paragraphs 1 and 2 above due to a claim of attorney-client privilege, work product privilege or any other claimed right of privilege, provide a privilege log pursuant to Florida Rule of Civil Procedure 1.280(b)(5).

4.  The complete original written, printed, and electronic claim file(s) of Defendant and its adjusters including all independent or third-party adjusters involved in adjusting, inspecting, and handling Plaintiff's claim or loss (cover-to-cover), from the home office, regional office and local office for the subject claim, including but not limited to:

    a.  All letters, memoranda, and other forms of written or computerized communication to or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

    b.  All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

    c.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff, or his/her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

    d.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

    e.  All written or computerized records of any investigation or adjustment activities by Defendant and its adjusters, from the date of loss through the earlier of the date of this lawsuit or the date litigation was first anticipated by Defendant with regard to the subject claim.

    f.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

g.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

h.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff's claim.

i.  All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of Defendant or third party adjusters during the adjustment of Plaintiff's claim up until the date of this lawsuit or the date Defendant reasonably anticipated litigation in connection with the claim at issue in this action.

j.  The file folders in which the preceding documents are kept.

k.  All reports and correspondence.

l.  Tapes - video and audio.

m.  Photographs and original negatives.

5.  Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff, and his/her claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for payment, delay of payment, withholding of payment, or denial of payment on the subject claim.

6.  All checks reflecting payments made to Plaintiff to date.

7.  A certified copy of the policy of insurance in effect on the subject date of loss.

8.  Copies of all summaries of statements made by Plaintiff and all recorded or transcribed statements taken by you, your representative(s) and/or your attorneys of Plaintiff.

9.  Copies of all correspondence, notices, reports or other communications between you and your representatives and Plaintiff and his representatives regarding the loss at the insured property.

10. Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

11. Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff regarding the loss at the insured property.

12. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

13. Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff's insurance claim and the coverage and payment decisions made on Plaintiff's claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff, the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

14. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

15. All documents which indicate or support the date when Defendant contends it first reasonably expected or anticipated litigation with Plaintiff and the reasons and factual circumstances which gave rise to that expectation or belief.

16. Defendant's Privilege Log prepared pursuant to Florida Rule of Civil Procedure 1.280(b)(5) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.

eFiled Date: 07/29/2021, Accepted: 07/29/2021 01:10 PM

Filing # 131639048 E-Filed 07/29/2021 10:13:28 AM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,**
**IN AND FOR CLAY COUNTY, FLORIDA**

CAROL MENZER AND ERNST MENZER,

      Plaintiffs,

v.                              CASE NO.: 2021CA000520

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

**NOTICE OF APPEARANCE AND ELECTRONIC MAIL DESIGNATION**

    Zaf Goss, Esq. of Weisser Elazar & Kantor, PLLC gives notice of his appearance as counsel

on behalf of Plaintiffs and request service of all pleadings, notices, and other papers in this matter.

Further, pursuant to Florida Rule of Judicial Administration 2.516, Zaf Goss, Esq. designates his

primary electronic mailing address as **ZG@WEKLaw.com** and his secondary electronic mailing

address as: **EG@WEKLaw.com** and **Service@WEKLaw.com.**

                           Respectfully submitted,

                           /s/ Zaf Goss
                           Zaf Goss, Esq.
                           Florida Bar No: 123815
                           Weisser Elazar & Kantor, PLLC
                           Attorneys for Plaintiffs
                           708 E. Colonial Dr., Suite 103
                           Orlando, Florida 32803
                           T: (407) 698-5620
                           F: (954) 572-8695
                           Email: ZG@WEKLaw.com
                                      EG@WEKLaw.com
                                      Service@WEKLaw.com

**CERTIFICATE OF SERVICE**

    **I CERTIFY** that a true and correct copy of the foregoing was sent via E-Portal to Attorneys
for Defendant on July 29, 2021.

                           /s/ James Wilson

Filing # 131639048 E-Filed 07/29/2021 10:13:28 AM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
## IN AND FOR CLAY COUNTY, FLORIDA

CAROL MENZER AND ERNST MENZER,

     Plaintiffs,

v.                            CASE NO.: 2021CA000520

GEOVERA SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

## NOTICE OF APPEARANCE AND ELECTRONIC MAIL DESIGNATION

James Wilson, Esq. of Weisser Elazar & Kantor, PLLC gives notice of his appearance as counsel on behalf of Plaintiffs and request service of all pleadings, notices, and other papers in this matter. Further, pursuant to Florida Rule of Judicial Administration 2.516, James Wilson, Esq. designates his primary electronic mailing address as**JW@WEKLaw.com** and his secondary electronic mailing address as: **MB@WEKLaw.com** and **Service@WEKLaw.com**.

                         Respectfully submitted,

                         /s/ James Wilson
                         James Wilson, Esq.
                         Florida Bar No: 126625
                         Weisser Elazar & Kantor, PLLC
                         Attorneys for Plaintiffs
                         708 E. Colonial Dr., Suite 103
                         Orlando, Florida 32803
                         T: (407) 698-5620
                         F: (954) 572-8695
                         Email: JW@WEKLaw.com
                                      MB@WEKLaw.com
                                      Service@WEKLaw.com

## CERTIFICATE OF SERVICE

     **I CERTIFY** that a true and correct copy of the foregoing was sent via E-Portal to Attorneys for Defendant on July 29, 2021.

                         /s/ James Wilson